UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)**     **Order Granting Motion to Dismiss and Denying as Moot Motion for Preliminary Injunction**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant City of Costa Mesa ("the City") moves to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Solid Landings Behavioral Health, Inc. ("Solid Landings"), Sure Haven, Inc. ("Sure Haven"), FPS, LLC ("FPS"), Stephen Fennelly ("Fennelly"), Elizabeth Perry ("Perry"), and "John Doe" ("Doe") (collectively, "Plaintiffs"). (Docket No. 48.) Plaintiffs oppose. (Docket No. 53.) The City has replied. (Docket No. 56.)

Plaintiffs request that the Court enter a preliminary injunction enjoining enforcement of Costa Mesa Ordinance No. 14-13. (Docket No. 44.) The City opposes. (Docket No. 50.) Plaintiffs have replied. (Docket No. 54.)

As set forth below, the City's motion to dismiss is GRANTED, and Plaintiffs' motion is DENIED AS MOOT.

I.     BACKGROUND

A.     **Request for Judicial Notice**

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

The City brings a request for judicial notice in support of its motion to dismiss. (Docket No. 49.) The City requests judicial notice of the following documents: (1) City of Costa Mesa Ordinance No. 14-13 ("the Ordinance"); (2) City of Costa Mesa Municipal Code Section 13-30, Table 13-30 (Land Use Matrix); (3) City of Costa Mesa 2000 General Plan, Land Use Element; (4) Licensing and Certification Branch Status Report, California Department of Health Care Services, dated March 2014; (5) 2010 US Census California Quick Facts; (6) City of Costa Mesa Municipal Code Section 2-300 et seq. (Appeal and Review Procedures); (7) City of Costa Mesa Municipal Code Section 13-30, Table 13-30 (Land Use Matrix), valid until November 19, 2014 (prior to the adoption of Ordinance 14-13); and (8) Municipal Code Section 13-6 (Definitions), valid until November 19, 2014. (Id.)

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee, 250 F.3d at 688. There are, however, two exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Id. First, the Court may consider documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688; see also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (A court may treat an exhibit as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). Second, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." Lee, 250 F.3d at 688-89; see Fed. R. Evid. 201(b).

The documents in the requests for judicial notice are matters of public record and the facts are not subject to reasonable dispute. Lee, 250 F.3d at 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). In addition, the Court notes that Plaintiffs attached a copy of the Ordinance to their FAC as an exhibit. (Docket No. 42-1). For these reasons, the Court takes judicial notice of the documents in the City's request and will treat the Ordinance as part of the FAC.

## B. Factual Background

The City of Costa Mesa is a city located in Orange County, California with a population of approximately 111,000. (FAC ¶ 35.) On October 21, 2014, the City

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

enacted Ordinance No. 14-13 (the "Ordinance"), an amendment to Costa Mesa Municipal Code, Title 13, which governs planning, zoning, and development in the City.  (Id. ¶¶ 36-37.)

The Costa Mesa Municipal Code ("CMMC") prohibits the operation of large boardinghouses in areas zoned "R-1."[1]  The Ordinance makes exceptions for certain housing facilities that might otherwise be restricted by the general ban on boardinghouses.  Licensed residential care facilities[2] and single housekeeping units[3] are not subject to additional limitations by the Ordinance.  See CMMC § 13-311(a)(1). Group homes[4] that are not single housekeeping units may operate in R-1 zones if they obtain a special use permit.  Id. § 13-311(a)(1)-(9).
Sober living homes[5] ("SLHs") are a subset of group homes and are subject to additional

---

[1] Large boardinghouses were prohibited in R-1 zones both before and after the adoption of the Ordinance.  (See Reply 3, citing RJN, Ex. G, Ex. H.)   A "boardinghouse" is defined as "[a] residence or dwelling, other than a hotel, wherein rooms are rented under three or more separate written or oral rental agreements, leases or subleases or combination thereof, whether or not the owner, agent, or rental manager resides within the residence."  CMMC § 13-6. A "large" boardinghouse has three or more rooms being rented.  Id.

[2] "Residential care facilities" are those facilities "licensed by the state where care, services, or treatment is provided to persons living in a supportive community residential setting."

[3] A "single housekeeping unit" "means that the occupants of a dwelling unit have established ties and familiarity with each other, jointly use common areas, interact with each other, share meals, household activities, and expenses and responsibilities; membership in the single housekeeping unit is fairly stable as opposed to transient, members have some control over who becomes a member of the household, and the residential activities of the household are conducted on a nonprofit basis." CMMC § 13-6.

[4] A "group home" is defined as "[a] facility that is being used as a supportive living environment for persons who are considered handicapped under state or federal law."  CMMC § 13-6.  Group homes do not include residential care facilities or homes that operate as a "single housekeeping unit."  Id.

[5] A "sober living home" is a group home for individuals "recovering from a drug and/or alcohol addiction and who are considered handicapped under state or federal law."  CMMC § 13-6.  Sober living homes do not include residential care facilities or sober living homes operating as a single housekeeping unit.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

conditions for obtaining a special use permit.  Id. §§ 13-6, 13-311(a)(10).  All group homes in R-1 zones must file a permit application within 90 days of the Ordinance's effective date, and group homes have at least one year to comply with its provisions.  Id. § 13-312.  The Ordinance also provides for reasonable accommodation procedures by which affected facilities may seek relief from provisions of the Ordinance.  Id. § 13-200.60.

The Ordinance makes the following findings, among others, with respect to its adoption: (1) individuals and families choose to invest in single family neighborhoods based on their desirable characteristics, including tranquility, safety, and community; (2) the sharp increase in SLHs has generated issues with overcrowding,[6] second-hand smoke, and noise; (3) the overconcentration of SLHs in the City's R-1 neighborhoods is both deleterious to the residential character of the R-1 neighborhoods and contributes to the "institutionalization" of individuals with disabilities seeking a residential recovery; (4) "a comfortable living environment is a factor in whether recovering addicts will finish their programs;" (5) the size and makeup of households in SLHs is larger than average in R-1 zones and impacts water, sewer, roads, parking and other City services; (6) "housing inordinately large numbers of unrelated adults in a single-family home or congregating sober living homes in close proximity to each other does not provide the handicapped with an opportunity to 'live in normal residential surroundings,' but rather places them into living environments bearing more in common with the types of institutional/campus/dormitory living that the [Fair Employment Housing Act] and FHAA were designed to provide relief from for the handicapped;" and (7) "while not in character with a single-family neighborhood, . . . when operated responsibly, . . .  group homes, including sober living homes, provide a societal benefit by providing the handicapped the opportunity to live in single-family neighborhoods."  (See Ordinance at 1-6, Docket No. 42-1.)

Plaintiffs Solid Landings and Sure Haven operate several residential drug and alcohol rehabilitations homes in the City.  (FAC ¶ 6.)  Plaintiffs Fennelly, Perry, and FPS

---

[6] The Ordinance notes that in one case an operator placed 15 beds in a single-family home and that SLHs tend to congregate in close proximity (e.g. five SLHs are located next to each other on one street in an R-1 zone).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

are holders of title to a right to use certain residential drug and alcohol rehabilitation homes. (Id.) Plaintiff Doe is an owner, operator and/or employee of Solid Landings who is required to provide private, personal information pursuant to the Ordinance and the permit application. (Id.) Plaintiffs filed a Complaint with this Court on November 18, 2014, asserting that the Ordinance is preempted by federal law and violates the Fair Housing Amendments Act ("FHAA"), the Americans with Disabilities Act ("ADA"), and the Fourteenth Amendment to the United States Constitution. (Docket No. 1). Plaintiffs also seek declaratory relief. (Id.)

On January 23, 2015, the Court dismissed Plaintiffs' initial Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 39.) The Court granted Plaintiffs leave to replead. (Id.) Plaintiffs filed the FAC on February 4, 2015. (Docket No. 42.)

In their FAC, Plaintiffs supplement their original Complaint with additional allegations. Plaintiffs allege that various City officials harbor discriminatory animus towards owners, operators, and residents of SLHs, which fueled the enactment of the Ordinance and its strict enforcement by code enforcement officers. (See FAC ¶¶ 7, 7(a)-(f), 9, 22-23.) Plaintiffs also allege that the City's concerns about neighborhood safety and SLH overconcentration are not legitimate or supported with data. (Id. ¶¶ 25, 29-30.)

Plaintiffs argue that the City's 650-foot separation rule is unreasonable because it subjects individuals with disabilities to "embarrassment, humiliation, and opprobrium." (Id. ¶ 9(o).) Plaintiffs also allege that the City has said "that there are no circumstances under which it will give relief from the rule." (Id. ¶ 27.)

Finally, Plaintiffs allege that the City's application process for special use permits and reasonable accommodations violates the FHA and ADA. (Id. ¶ 32.) Plaintiffs argue that requiring applicants to provide the information requested on the application and to agree to its conditions is discriminatory. (See id. ¶¶ 32(a)-(m).)

II.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

III.   DISCUSSION

A.     **Federal Fair Housing Amendments Act ("FHAA") & Americans with Disabilities Act ("ADA") Claims**

Plaintiffs allege that the City injured them by enacting discriminatory housing policies in violation of the FHAA and the ADA.  (FAC ¶¶ 43-46.)  The parties agree that individuals in recovery for alcohol and/or drug abuse are considered disabled under federal law and are protected by both the FHAA and ADA.  See 42 U.S.C.§§ 3602(h), 3604, 12102(1), 12210(b); City of Edmonds v. Wash. State Bldg. Code Council, 18 F.3d 802, 804 (9th Cir. 1994) (FHAA); Bay Area Addiction Research & Treatment, Inc. v. City of Antioch, 179 F.3d 725, 737 (9th Cir. 1999) (hereinafter, "BAART") (ADA).

The FHAA generally prohibits zoning practices that discriminate against individuals with disabilities by "making unavailable or denying housing to those persons." Pac. Shores Props., LLC, v. City of Newport Beach, 730 F.3d 1142, 1156-57 (9th Cir. 2013) (internal quotation marks and citation omitted) (noting that FHAA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

"prohibits discriminatory actions that adversely affect the availability of [] group homes").  The ADA also prohibits public entities from discriminating against individuals with disabilities through zoning ordinances and decisions.  BAART, 179 F.3d at 730-32.

A plaintiff may state a claim for a violation of the FHAA or ADA by showing (1) disparate treatment, (2) disparate impact, or (3) failure to provide reasonable accommodation.  See Gamble v. City of Escondido, 104 F.3d 300, 304-05 (9th Cir. 1997) (FHAA); Burgess v. Hous. Auth. of Alameda Cnty., No. C01-04098 MJJ, 2006 WL 7347315, at *8 (N.D. Cal. Dec. 30, 2006) (noting that "[a]s with the [FHAA], a plaintiff may assert a discrimination claim under the ADA based on disparate treatment, disparate impact, or a failure to reasonably accommodate theory" and citing McGary v. City of Portland, 386 F.3d 1259, 1266 (9th Cir. 2004)).  Because of the similarities between the FHAA and ADA, the Court "interpret[s] them in tandem."  See Pac. Shores, 730 F.3d at 1157 (9th Cir. 2013) (quoting Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573 n.4 (2d Cir. 2003)).

i.     Disparate treatment

It is obvious that the Ordinance treats SLHs and their residents differently than non-disabled individuals.  However, a facially discriminatory housing policy may be justified by a showing that either (1) "the restriction benefits the protected class or (2) that it responds to legitimate safety concerns raised by the individuals affected, rather than being based on stereotypes."  Cmty. House, Inc. v. City of Boise, 490 F.3d 1041, 1050 (9th Cir. 2006) (citations omitted).

This Court has previously noted that the Ordinance gives individuals with disabilities an alternative housing option in R-1 zones that is not available to individuals without disabilities.  (Docket No. 39, at 8.)  The Court also noted that this favorable difference is evident from the face of the Ordinance and requires no fact finding.  (Id.)  Plaintiffs' FAC does not alter the Court's prior conclusion that the Ordinance is facially beneficial.[7]  The favorable treatment is no less so because it is conditioned on the terms

---

[7] Plaintiffs object that the Ordinance deleted the definition of "residential services facilities" and "reclassifies" SLHs as "boardinghouses."  (See FAC ¶¶ 11-16.)  These changes do not alter the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

of the Ordinance and the application.  Thus, Plaintiffs cannot maintain their disparate treatment claim.

       ii.     Disparate impact

     Plaintiffs may establish a prima facie case for violation of the FHAA based on disparate impact if they make a sufficient showing of "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices."  Gamble, 104 F.3d at 306.  Plaintiffs acknowledge that they do not state a disparate impact claim.  (Opp'n Mot. Dismiss 6.)

       iii.    Reasonable accommodation

     The FHAA requires a municipality "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [individuals with disabilities] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).  The ADA requires public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability."  28 C.F.R. § 35.130(b)(7); McGary, 386 F.3d at 1269-70; Dunlap v. Ass'n of Bay Area Gov'ts, 996 F. Supp. 962, 965 (N.D. Cal. 1998) (noting that "the ADA . . . creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation'").  "[T]he question of what constitutes a reasonable accommodation . . . 'requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations . . . .'" McGary, 386 F.3d at 1270 (quoting Wong v. Regents of Univ. of Cal., 192 F.3d 807, 818 (9th Cir. 1999)).

     In its prior Order dismissing Plaintiffs' initial Complaint, this Court concluded that

---

conclusion that the Ordinance provides a beneficial housing option.  Prior to the adoption of the Ordinance, residential services facilities with six or fewer occupants were permitted; after the adoption of the Ordinance, group homes and SLHs with six or fewer occupants are permitted.  (RJN, Exs. A, B, G, H.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

Plaintiffs facial attack on the Ordinance's provision of reasonable accommodations and procedures for seeking further accommodation failed. (Docket No. 39, at 9.) Plaintiffs now allege that the Ordinance is facially unreasonable because the 650-foot separation rule subjects individuals with disabilities to embarrassment, humiliation, and opprobrium. (FAC ¶ 9(o).) Plaintiffs also allege that the City has no intention of granting relief from that rule to those who seek an accommodation through the Ordinance's procedures for requesting said accommodation. (FAC ¶ 27-28.) However, Plaintiffs have not alleged that they sought a permit with an accommodation and were denied.

The Court fails to see how the 650-foot separation rule is facially unreasonable, and Plaintiffs' allegation that the City does not intend to grant relief from the rule does not affect the Court's facial analysis. To the extent that this allegation constitutes an as-applied challenge to the Ordinance, it is unripe because Plaintiffs have not yet sought an accommodation through the Ordinance's procedures. See United States v. Vill. of Palatine, Ill., 37 F.3d 1230, 1233 (7th Cir. 1994) (finding plaintiff's allegation that defendant did not make reasonable accommodation in application of zoning laws unripe because plaintiff had not utilized procedures for obtaining a special use permit); see also AKI Family Ltd. P'ship v. City of San Marcos, No. 06 CV 0997 JM (AJB), 2007 WL 628044, at *3 (S.D. Cal. Feb. 23, 2007).

The Court thus concludes that Plaintiffs have failed to plead facts sufficient to state a FHAA or ADA claim under any of the three theories. Consequently, the Court must dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    42 U.S.C. § 1983**

Plaintiffs claim that the City has violated Plaintiffs' equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution by discriminating against them on the basis of disability. (FAC ¶¶ 47-49.) "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Individuals with disabilities are not a suspect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |

class.  Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996).  Thus, the Ordinance is subject to review "limited to determining whether [the law] is rationally related to legitimate legislative goals."  Id. (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432 (1985)).  A "classification must be upheld if there is any reasonably conceivable set of facts that could provide a rational-basis for the classification," and the Court must "accept a [government's] generalizations even when there is an imperfect fit between means and ends."  Taylor v. Rancho Santa Barbara, 206 F.3d 932, 935 (9th Cir 2000) (quoting Heller v. Doe, 509 U.S. 312, 320-21 (1993)) (internal quotation marks omitted).

        In the Ninth Circuit, "a city's interest in achieving its zoning goals has long been recognized as a legitimate governmental interest," and "concern for the residential character of the neighborhood is a legitimate and nondiscriminatory goal."  Budnick v. Town of Carefree, 518 F.3d 1109, 1116 (9th Cir. 2008) (citation omitted).  Plaintiffs allege that the City did not have data to support their concerns regarding safety or overconcentration of SLHs.  (FAC ¶¶ 29-30.)  But Plaintiffs' new allegations do not change the Court's conclusion that the City's legitimate interests are evident on the face of the Ordinance.  The Ordinance's findings indicate that the Ordinance aims to achieve two legitimate and overlapping goals: first, to maintain the residential characteristics of neighborhoods and second, to ensure that residential recovery programs retain their "residential" characteristics to provide maximum benefit for individuals in recovery.  Plaintiffs allege no facts to negate the Court's conclusion that the City was and is concerned with protecting the residential character of R-1 zones, which is clearly a legitimate governmental interest.

        Plaintiffs also object that the City's action violates their substantive due process rights.  (FAC ¶¶ 47-49; Opp'n Mot. Dismiss 10.)  An ordinance that "fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause."  Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting Lingle v. Chevron, U.S.A., Inc., 544 U.S. 528, 542 (2005)).  When challenging an exercise of executive action, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  Cnty of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (internal quotation marks omitted) (noting that conduct that "shocks the conscience" violates substantive due process).  As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |
|---|---|---|---|

| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |
|---|---|

discussed above, the Court concludes that the Ordinance serves the City's legitimate interest in preserving the residential character of its neighborhood.  Plaintiffs' allegations do not describe egregious official conduct that "shocks the conscience."

As Plaintiffs have failed to state a claim for violation of any constitutional right, the Court must dismiss Plaintiffs' § 1983 claims against the City pursuant to Fed. R. Civ. P. 12(b)(6).

### C.     Preemption Under Federal Law

Plaintiffs claim that the Ordinance is invalid because it is "in conflict with and preempted by federal law, including, but not limited to, the [FHAA] and the [ADA]." (FAC ¶ 51.)  In its motion to dismiss, the City notes that the FHAA expressly preempts any state or municipal law "that purports to require or permit any action that would be a discriminatory housing practice under this subchapter."  42 U.S.C. § 3615; Putnam Family P'ship v. City of Yucaipa, Cal., 673 F.3d 920, 932 (9th Cir. 2012).

As discussed infra, Parts III(A) &(B), the Court has concluded that Plaintiffs have failed to state a claim against the City under the FHAA, ADA, or Fourteenth Amendment, and thus the Court must also conclude that Plaintiffs have not adequately shown that the Ordinance is in conflict with federal law.[8]  (Opp'n Mot. Dismiss 10.)  For this reason, Plaintiffs' preemption claim is dismissed.

### D.     Declaratory Relief

Finally, Plaintiffs seek declaratory relief as to whether the Ordinance is enforceable in order to resolve an "actual controversy" between Plaintiffs and the City.  (FAC ¶ 53.) In light of the foregoing analysis, the Court concludes that Plaintiffs have failed to state any claim and thus there is no actual controversy on which to predicate declaratory relief. See 28 U.S.C. § 2201.

---

[8] Plaintiffs concede the rationale for the Court's preemption ruling but disagree with the Court's predicate determination that there is no FHAA or ADA violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-1838 JVS (JCGx) | Date | April 21, 2015 |

| | |
|---|---|
| Title | Solid Landings Behavioral Health, Inc., et al. v. City of Costa Mesa |

IV.   CONCLUSION

For the foregoing reasons, the City's motion is GRANTED, and all claims against the City are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Consequently, the Court DENIES AS MOOT Plaintiffs' motion for a preliminary injunction.

IT IS SO ORDERED.

**Counsel for the City shall prepare, serve and submit, within seven days, a proposed order of dismissal consistent with this Court's order.**

|  |  | 0 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | kjt | | |